**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF ARKANSAS**
**FAYETTEVILLE DIVISION**

| | | |
|---|---|---|
| **LOIS MOORE** | ) | |
| **PLAINTIFF,** | ) | |
| | ) | |
| **VS.** | ) | **CASE NO. 5:09-5236-JLH** |
| | ) | |
| **STATE FARM MUTUAL** | ) | |
| **AUTOMOBILE INSURANCE** | ) | |
| **DEFENDANT** | ) | |

**PLAINTIFFS BRIEF IN SUPPORT OF THIER RESPONSE TO DEFENDANTS MOTION TO COMPEL**

The defendant's have sought additional answers to Interrogatory 20, 23 and 25 which I will address individually.

**INTERROGATORY 20**

Interrogatory 20 asks, "*Please state the "reasonable investigation" conducted by Plaintiff or Plaintiff's counsel prior to demanding benefits under Plaintiff's insurance policy.*" The plaintiff responded as follows, "*Objection, any actions regarding the investigation of this accident and any damages alleged under AMI Chapter 22 are work product. The plaintiff's investigation is not subject to this lawsuit and the plaintiff owed no duty to State Farm to perform any investigation. The duty to investigate the accident and the plaintiff's damages falls squarely on the defendant, State Farm.*"

The plainitff has claimed that State Farm failed to perform a reasonable investigation into her claim before denying it. First and foremost- this case is not about the plainitff's actions- it is about the conduct of State Farm and their actions relating to the handling of the plaintiff's claim. The defendant attempts to side step the fact that this information is work product by asking for

the "action taken by the Plaintiff or her counsel prior to demanding underinsured motorist coverage benefits from State Farm."

The entire request is ambiguious and irrelvant and only seeks to create a conflict of interest between the plainitff and her counsel. It appears to ask plaintiff's counsel his opinion on why his client was entitled to UIM benefits from the defendant. My opinions are irrelevant and I have produced every document I relied upon in forming the opinion that Lois Moore was not fully compensated by her third party settlement. The real question is not why did Lois Moore make a claim but why State Farm denied it without providing a single scrap of evidence to support its decision.

State Farm claims that this answer is needed to defend the allegation that they refused to pay the claim without conducting a reasonable investigation based upon all available evidence. All available evidence was provided to State Farm and their counsel and State Farm never asked for any additional information before denying Lois Moore's claim. To date, State Farm has refused to provide any explanation for their denial and a jury can decide if their non-existent "investigation" was "reasonable."

State Farm also claims that the information sought is needed to defend the allegation that they make a coverage decision within a reasonable time after a proof of loss was submitted. State Farm is in posession of all documents sent to them prior to litigation and all documents relating to damages. These documents are dated, they have been provided via discovery and a jury can ascertain from the documents if State Farm's timeliness on their claim decision was reasonable. Whether or not the information provided was adequate is also irrelevant because State Farm had the duty to investigate, request additional information as needed and perform a thorough investigation. The fact that their highly trained claim representatives failed to do any of this is

also a question for the jury to consider. All documents supporting this allegation have been provided redundantly and my opinions or impressions about State Farm's conduct are as irrelevant as Mr. Moore's. Ultimately, a jury will decide this question and the opinions of the jury are the only ones that matter.

Finally, State Farm claims it needs this information to defend the allegation that State Farm failed to attempt, in good faith, to effectuate prompt, fair and equitable settlements of claims in which liability was reasonably clear. Again, all documents have been provided to State Farm relating to their claims process. They are in posession of all documents relating to this charge against them. Ultimately, a jury will have to decide if State Farm's claim file reflects a good faith attempt to effectuate prompt, fair and equitable settlements of Lois Moore's claim where liability of the tortfeasor was undisputed. I cannot provide any further information that what I have provided and my testimony is about any other matters is privileged or irrelevant.

**INTERROGATORY 23**

Interrogatory 23 states, *"Paragraph 21 of Plaintiff's Complaint alleges Defendant compelled Plaintiff to institute litigation to recover amounts due under the insurance policy by offering less than the amounts ultimately recovered in actions brought by those insured's. Please state the other "actions" and the "amounts" ultimately recovered, along with the specifics of those actions and whether or not there were any differences between those actions and the present case."* The plaintiff responded as follows, "*Objection. The above interrogatory is confusing and or misleadsing. Without waiving said objection and to the best of the plaintiff's knowledge, Plaintiff believes she is entitled to additional compensation under her UIM policy. It is for a jury to decide how much. State Farm has faled to provide a written offer or denial in over ten months. State Farm has also failed to provide any explanation on their failure to make*

*an offer or provide a basis in relation to the policy why they feel their insured is not entitled to additional compensation under the policy. State Farm's refusal to acknowledge the UIM claim served as a tacit denial of the claim and forced the plaintiff to sue State Farm for the benefits she paid for.*

Plaintiff acknowledges paragraph 21 of her lawsuit is confusing and or misleading. It was meant to convey that State Farm, after hiring McKinsey and Associates, began to engage in a state wide or national policy of delaying, denying and defending cases brought by their insureds. This practice wears down their insureds and forces them to settle for less than the cases are worth creating a multi-million dollar windfall for the company. Plaintiff can only prove this by analyzing internal State Farm documents which they have routinely obejected to in a half dozen other cases I have pending agaisnt them across the state. Plainitff has hired a consulting expert familiar with their practices and is crafting discovery to prove this point but at present these documents are in posession of State Farm and the plainitff cannot provide what she does not have.

**INTERROGATORY 25**

Interrogatory 25 states, "*Please state whether or not the law firm of Nolan, Caddell & Reynolds, P.A. has ever settled UM or UIM cases with State Farm Mutual Automobile Insurance Company without litigation. If so, please state the number of cases and the amount settled for.*" The plaintiff responded as follows, "*Objection, work product, irrelevant and not calculated to lead to additional discovery, Nolan, Caddell & Reynolds has no duty to State Farm and is not on trial, State Farm has the duty to their insured.*"

The defendant is correct that the plainitff is alleging State Farm engages in a pattern of violating the Unfair Claims Settlement Practices Act which is outside of the claims of this single

case. My personal opinions about this allegation are again, wholly irrelevant and to request that information is another attempt to create a conflict between my client and I where one does not exist. In order to prove this allegation, it will be necessary to delve into every single claim file in the state of Arkansas and I intend on asking the Court to allow me to do that or to allow my expert to review a representative statistical cross section of State Farm files so he can form an opinion with regard to their claim handling procedures as it related to the Arkansas Unfair Claims Settlement Practices Act.

State Farm's contention that my firms dealings with them in the past have some bearing on this case or the allegations contained in the complaint is quite a stretch of the imagination with regard to relevancy. If State Farm truly wants this information, they have a record of every single claim made by this lawfirm from its very inception and they can data mine their own files for this information. So if State Farm is already in posession of this information- why request it from plaintiff's counsel? It is another blatant attempt to create a conflict between the plaintiff and her attorney where one does not exist. If the court sanctions discovery requests like this, my experience is that it will be followed by a Motion to Disqualify my firm from this case which I believe is the true goal of this Motion to Compel.

**CONCLUSION**

I have provided every scap of paper, medical bill, record and anything else used in making the decision that my client was entitled to make a UIM claim. My mental impressions and opinions are not discoverable and are not relevant as they are simply opinions. I am not required to conduct any investigation when dealing with first party- that duty, under the law and their contract, falls on State Farm. Based on discovery provided thus far- State Farm breached that duty. I have nothing left to provide State Farm and will be seeking to support my allegations

by analyzing State Farm documents that are not in my posession. The remaining questions posed by counsel are not relevant to this procveeding and not discoverable and I would ask the court to deny the defendant's motion to compel.

Respectfully submitted,

Lois Moore

By: /s/ Bill G. Horton ______________
Bill G. Horton (2002200)
NOLAN, CADDELL & REYNOLDS
5434 Walsh Lane
Rogers, AR 72758
Phone: (479) 464-8269
Fax: (479) 464-8287
bhorton@justicetoday.com

**CERTIFICATE OF SERVICE**

I, Bill G. Horton, hereby certify that on June 21, 2010 a complete and correct copy of the foregoing were served on the following parties, by ECF:

Hon. John Moore
400 West Capitol Ave, Suite 1900
Little Rock, AR 72201

/s/ Bill G. Horton ______________
Bill G. Horton