IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

LOIS MOORE PLAINTIFF

VS. NO. 5:09-CV-5236-JLH

STATE FARM MUTUAL
AUTOMOBILE INSURANCE DEFENDANT

# BRIEF IN SUPPORT OF DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT

## I. Introduction

Plaintiff was involved in an automobile accident on March 6, 2007, while driving her 1992 Cadillac De Ville that was insured under State Farm Policy No. 1210-903-04N. The policy contained Underinsured Motorist Coverage limits of $50,000 per person. Within two days of the accident, State Farm wrote Ms. Moore offering to help with her claim. Ex. B, bates numbers 0062-0063. Lois Moore also made a Medical Payments Coverage claim to State Farm, which paid her the limits on her Medical Payments Coverage. *See* Ex. B, bates number 0229.

On May 10, 2007, Ms. Moore's attorney inquired as to her Underinsured Motorist Coverage. Ex. B, bates number 0092. On May 14, 2007, State Farm answered that she did have Underinsured Motorist Coverage and the limits. Ex. B, bates number 0093-0094.

Plaintiff initially sued the driver of the other vehicle, Benjamin Sharp on May 15, 2008. Mr. Sharp's insurer tendered its limits of $25,000. Lois Moore first gave notice to State Farm of her settlement on May 19, 2009. Ex. B, bates numbers 0288-0298, 0301.

On May 21, 2009, Plaintiff filed an Amended Complaint, joining State Farm as a Defendant in the lawsuit originally brought against Mr. Sharp. Ex. B, bates number 0029, 0288-0298. Also on May 21, 2009, Plaintiff's counsel wrote a letter, advising that documentation

would be forthcoming for Ms. Moore's Underinsured Motorist Coverage claim under her State Farm policy. Ex. B, bates number 0291.

On May 26, 2009, Lois Moore then sent State Farm some documentation of her Underinsured Motorist Coverage claim, and she sent additional documentation on May 28, 2009. Ex. B, bates numbers 0288-0298, 0301, 0342-430.

Because of the short duration of time from that State Farm (a) was given notice of the claim, (b) was provided some, but not all, of the necessary documentation to make a claims determination, and (3) was sued, no claims decision was made prior to Plaintiff suing State Farm. Lois Moore then non-suited that case on July 9, 2009, refiling it months later on October 1, 2009. The second lawsuit has claims for bad faith, violation of the Unfair Claim Practices Act, and entitlement to punitive damages.

Under Arkansas law, to be liable for bad faith, an insurer must engage in affirmative misconduct without a good faith defense, in a malicious, dishonest or oppressive attempt to avoid liability. State Farm's actions in its investigation do not constitute bad faith. Therefore, as Plaintiff has not established a submissable claim for bad faith on the part of State Farm herein, and Plaintiff has not set forth a submissable claim of intentional misconduct, Plaintiff's claim with regard to bad faith and punitive damages should be dismissed and summary judgment should be granted.

## II. Standard of Review

Fed. R. Civ. P. 56(c) authorizes summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." In deciding whether to grant a motion for summary judgment, a

court must view all evidence in the light most favorable to the party opposing the motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). However, in responding to a properly supported summary judgment motion, the opponent "must do more than simply show that there is some metaphysical doubt as to the material facts." *Id.* at 586. The opponent must come forward with "specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986). If the "record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial,'" and summary judgment is appropriate. *Matsushita*, 475 U.S. at 587. If the nonmoving party fails to make a sufficient showing of an essential element of a claim with respect to which it has the burden of proof, then the moving party is "entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

## III. Argument

### A. TEST FOR ESTABLISHING THE TORT OF BAD FAITH

Under Arkansas law, a failure to act cannot constitute bad faith. *Findley v. Time Ins. Co.*, 264 Ark. 647, 573 S.W.2d 908 (1978). An insurance company commits the tort of bad faith when it affirmatively engages in dishonest, malicious, or oppressive conduct to avoid a just obligation to its insured. *State Auto Property & Casualty Ins. v. Swain*, 338 Ark. 49, 991 S.W.2d 555 (1999). "Bad faith" has been defined as dishonest, malicious, or oppressive conduct carried out with the state of mind characterized by hatred, ill will, or a spirit of revenge. *Id.* (citing AMI 407). *See also Affiliated Foods Southwest, Inc. v. Moran*, 322 Ark. 808, 912 S.W.2d 8 (1995).

In *Findley*, the plaintiff alleged that the State Farm's refusal to honor plaintiff's claim was unjustified, willful and wanton; that the State Farm failed to explain the reasons for its refusal to

honor the Plaintiff's claim; and that the State Farm failed to investigate plaintiff's claims. Stating that such allegations did not state a cause of action for bad faith, the court said:

> It will be seen that the Complaint does not assert any affirmative action on the part of the State Farm that would constitute bad faith or fraud, as was true in the *Fletcher [v. Western Nat'l Life Ins. Co.*, 10 Cal. App. 3d 376, 89 Cal. Rptr. 78 (1970)]; and *Gruenberg [v. Aetna Ins. Co.*, 9 Cal. 3d 566, 510 P.2d 1032 (1973)] cases, *supra.* Paragraphs A, B, and C and D merely allege that the State Farm has failed to explain, failed to investigate, and failed to contact the plaintiff or her physician. Such inaction does not give rise to a cause of action in tort.

*Findley*, 573 S.W.2d at 911.

The standard statement of the stringent test for establishing a claim of bad faith in Arkansas is contained in *Aetna Cas. & Sur. Co. v. Broadway Arms Corp.*, 281 Ark. 128, 664 S.W.2d 463 (1984):

> [I]n order to be successful, a claim based on the tort of bad faith must include affirmative misconduct by the insurance company, without a good faith defense, and that the misconduct must be dishonest, malicious, or oppressive in an attempt to avoid its liability under an insurance policy. Such a claim cannot be based upon good faith denial, offers to compromise a claim or for other honest errors of judgment by the insurer. Neither can this type of claim be based upon negligence or bad judgment so long as the insurer is acting in good faith. We agree ... that in an action of this type for tort, actual malice is that state of mind under which a person's conduct is characterized by hatred, ill will or a spirit of revenge.

*Id.* at 133-34, 664 S.W.2d at 465 (emphasis added) (citations omitted).

The *Aetna* case confirms the holding of *Findley* that the tort cannot be based upon a failure to act, but instead must be based upon affirmative misconduct. In analyzing plaintiff's claim in this case, it is important to note that, where a real and honest controversy exists with respect to the insurance company's liability on a policy, the mere denial of a claim is not a basis

for a claim of bad faith. Mere refusal to pay insurance proceeds cannot constitute bad faith when an actual controversy exists with respect to liability on the policy. *Findley*, 264 Ark. at 650-51, 573 S.W.2d at 909-10. *See also Stevenson v. Union Standard Ins. Co.*, 294 Ark. 651, 746 S.W.2d 39 (1988) (coverage disputes were real and honest controversies and therefore did not support claim of bad faith).

In *State Auto Property & Casualty Ins. v. Swain*, the insured contended that the insurance company committed the tort of bad faith based upon its operation utilizing a series of adjusters until getting the desired result in order to reduce the amount of the claim and engaging in other conduct designed to limit the company's ability and delay payment. 338 Ark. 49, 991 S.W.2d 555 (1999). In finding that the trial court erred in failing to grant the insurance company's motion for directed verdict, the Arkansas Supreme Court outlined in detail the type of egregious conduct necessary to establish a prima facie showing of bad faith:

> Examples of cases where we have found substantial evidence of bad faith include where an insurance agent lied by stating there was no insurance coverage (*Southern Farm Bureau v. Allen, supra*); aggressive, abusive, and coercive conduct by a claims representative, which included conversion of the insured's wrecked car (*Viking Ins. Co. v. Jester*, 310 Ark. 317, 836 S.W.2d 371 (1992)); and where a carrier intentionally altered insurance records to avoid a bad risk (*Employer's Equitable Life Ins. Co. v. Williams*, 282 Ark. 29, 665 S.W.2d 873 (1984)).

*Id.*

## B. APPLICATION TO PLAINTIFF'S CLAIM FOR BAD FAITH

State Farm was notified of the intent to produce support for Plaintiff's Underinsured Motorist Coverage claim the same day Plaintiff sued State Farm for breach of the UIM claim. Plaintiff herself never spoke with State Farm, is unaware of any actions or failures to act of State Farm, and has no idea what was sent to State Farm or when. Plaintiff has no proof of her claim of

bad faith. Plaintiff has no knowledge of any actions or inactions of State Farm. Ex. A. Lois Moore has never spoken with State Farm about this accident or settling her claim and cannot testify as to any conversations with State Farm. Ex. A, pages 76, 78-79, 81. Lois Moore does not know what was given to State Farm or when. Ex. A, pages 79, 86, 92-93. Lois Moore does not know of any actions or inactions of State Farm that were dishonest, malicious, or oppressive. Ex. A, pages 77-78.

Plaintiff's allegation of bad faith on the part of State Farm is based on nothing more than State Farm has not made a payment on a claim that was in litigation within days of its first notice of the claim. Compl. ¶¶ 14-15. Plaintiff did not wait for a claim decision to be made before filing this lawsuit.

Plaintiff has not alleged any actions on behalf of State Farm that would constitute bad faith. A bad faith claim "cannot be based upon a good-faith denial, offers to compromise a claim, or for honest errors of judgment by the insurer." *Cincinnati Life Ins. Co. v. Mickles*, 85 Ark. App. 188, 148 S.W.3d 768 (2004). Further, a controversy over the existence of the first party insured's claim does not constitute bad faith even if it results from negligence or gross ignorance on the party of the insurer. *First Maine Ins. Co. v. Booth*, 317 Ark. 91, 876 S.W.2d 285 (1994). Here, after State Farm received notice of the claim, State Farm properly began its investigation of the claim. Before all the facts and documents could be obtained and before a decision was made, State Farm was sued. The controversy over the extent and duration of Plaintiff's injuries from the accident and the amount of medical expenses covered under the policy does not constitute bad faith. State Farm fulfilled its obligation to the insured to investigate her claim. The conduct of State Farm does not constitute bad faith.

Moreover, Plaintiff cannot testify as to any facts, conversations, etc. giving rise to a claim of bad faith. Plaintiff has no proof of bad faith, and her claim should be dismissed.

C. PLAINTIFF HAS NO PROOF OF VIOLATION OF THE UNFAIR TRADE PRACTICES ACT

Similar to above, Plaintiff has no proof of any actions or failures to act on behalf of State Farm to support her claim for violation of the Unfair Trade Practices Act. Therefore, these claims must be dismissed. Ex. A. In addition, the Arkansas General Assembly has expressly stated that the Trade Practices Act in the insurance code does not create a private right of action. Ark. Code Ann. § 23-66-202(b). To find that insurance carriers are subject to a private cause of action would be contrary to the statutory scheme established by the Arkansas General Assembly. *See Williams v. State Farm Mut. Auto. Ins. Co.*, 2010 U.S. Dist. LEXIS 61613, Case No. 5:10-cv-00032 (E.D. Ark., June 22, 2010) (Doc. 31, Order by Judge Holmes dismissing Plaintiff's Complaint and finding no private right of action in the ATPA).

**V. Conclusion**

Therefore, as Plaintiff has not established a claim of bad faith on the part of State Farm and has not set forth a submissable claim of intentional misconduct, her claim of bad faith and for punitive damages against State Farm must be dismissed as a matter of law. Because there is no evidence of affirmative misconduct, without a good faith defense, by State Farm in a malicious, dishonest, or oppressive attempt to avoid liability, Plaintiff cannot establish the tort of bad faith or entitlement to punitive damages. Because Plaintiff has no proof and because there is no private right of action, the claim for violation of the Unfair Trade Practices Act must likewise be dismissed. Summary judgment is appropriate as a matter of law.

Respectfully submitted,

HUCKABAY,MUNSON,ROWLETT & MOORE
1900 Regions Center
400 West Capitol Avenue
Little Rock, Arkansas 72201
(501) 374-6535

By: /S/ JOHN E. MOORE
SARAH E. GREENWOOD, ABN 2003089
JOHN E. MOORE, BAR # 82111
john.moore@hmrmlaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that on the 21st day of September, 2010, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which shall send notification of such filing to the following:

Mr. Bill G. Horton
Nolan, Caddell & Reynolds
5434 Walsh Lane
Rogers, AR 72758

/s/ JOHN E. MOORE