**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF ARKANSAS**
**FAYETTEVILLE DIVISION**

| | | |
|---|---|---|
| **LOIS MOORE** | ) | |
| **PLAINTIFF,** | ) | |
| | ) | |
| **VS.** | ) | **CASE NO. 5:09-5236-JLH** |
| | ) | |
| **STATE FARM MUTUAL** | ) | |
| **AUTOMOBILE INSURANCE** | ) | |
| **DEFENDANT** | ) | |

**PLAINTIFFS BRIEF IN SUPPORT OF MOTION TO COMPEL**

Plaintiff, Lois Moore requests that this Court compel the Defendant, State Farm Mutual Automobile Insurance Company ("State Farm") to withdraw their objections and supplement, where applicable, and provide adequate responses to the Rule 26 initial disclosures, Interrogatories No. 2 and 3 and provide documents requested in Requests for Production Nos. 3, 4 and 8 as they seek information that is discoverable under Federal Rules of Civil Procedure 26(b)(1).

On February 15, 1010, plaintiff's counsel sent the defendant a request for information to be contained in the Rule 26f disclosures. On or around June 1, 2010 Plaintiff propounded its Interrogatories and Requests for Production to the Defendant to which Defendant provided a timely response. Defendant's responses to Plaintiffs Interrogatories and Requests for Production are found in Ex. A. Plaintiffs counsel sent a good faith letter to Defendant's counsel, regarding certain responses to which Defendant had objected and/or failed to provide complete answers. Ex. B. Defense counsel's response is contained in Ex. C. Specifically, Defendant declined to supplement his responses to Interrogatories Nos. 2 and 3 and Requests for Production Nos. 3 and 4 without a protective Order. In light of these deficient responses, Plaintiff seeks an Order

compelling the Defendant to withdraw any further objections and provide complete responses in accordance with the Federal Rules of Civil Procedure.

Pursuant to Federal Rules of Civil Procedure 26(b)(1), "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." "For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action." Fed. R. Civ. R 26(b)(1). "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery if admissible evidence ." Fed R. Civ. P. 26(b)(1). "[A] party may move for an order compelling disclosure or discovery." Fed R. Civ. P. 37(a)(1). "The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1).

**I. Initial Disclosures**

The plaintiff also sought a copy of State Farm's investigation into the plaintiff's claim including specifically how they evaluated the contractual claim between State Farm and Lois Moore as well as a written basis in relation to the policy and Arkansas law setting forth the basis for the refusal to pay Lois Moore's claim up to this point. This is required pursuant to A.C.A. 23-66-206 (13)(D), (E), (F), (J) and (K).

The plaintiff also sought a copy of the computation for damages State Farm produced for Lois Moore that was used in deciding she was fully compensated by her third party settlement. (Ex D) A.C.A. 23-66-206 (13), defines "unfair settlement practices" as:

*"...committing or performing with such frequency as to indicate a general business practice any of the following:*
*(B) Failing to acknowledge and act reasonably and promptly upon communications with respect*

*to claims arising under insurance policies;*
*(C) Failing to adopt and implement reasonable standards for the prompt investigation of claims arising under insurance policies;*
*(D) Refusing to pay claims without conducting a reasonable investigation based upon all available information;*
*(E) Failing to affirm or deny coverage of claims within a reasonable time after proof of loss statements have been completed;*
*(F) Not attempting in good faith to effectuate prompt, fair, and equitable settlements of claims in which liability has become reasonably clear;*
*(J) Failing to promptly provide a reasonable explanation of the basis in the insurance policy in relation to the facts of applicable law for denial of a claim or for the offer of a compromise settlement;*
*(K) Compelling insureds to institute litigation to recover amounts due under an insurance policy by offering substantially less than the amounts ultimately recovered in actions brought by those insureds;*

The defendant has refused to provide any of this information specific to the plaintiff's file which has hindered her ability to determine if a sample of all State Farm claims is discoverable to determine if State Farm engages in a patter and practice of violating the foregoing statute. The plaintiff respectfully requests the defendant be compelled to turn this information over to the plaintiff immediately.

## II. Interrogatory No. 2

In Interrogatory No. 2, Plaintiff requested a detailed description of what actions each individual listed in Interrogatory No. 1 did in relation to the Plaintiff's file up until the date the Defendant refused to honor Lois Moore's demand to State Farm. The Defendant objected to this Interrogatory "in that it is overly broad and unduly burdensome." Defendant further objects to the extent that this Interrogatory "assumes that defendant refused to honor Lois Moore's demand." Ex. A. This request seeks description of the duties performed by each of the 56 employees of the Defendants who worked the claim file in connection with the UIM demand for the Plaintiff. Plaintiff is merely seeking discovery as to who did what in regards to handling the UIM claim so that counsel can depose the correct adjustors and not unduly waste the Plaintiffs resources for

conducting a through litigation. In addition, if the defense had honored the Plaintiffs UIM or on the alternative conducted an investigation into the UIM demand this litigation might not have taken place. The defendant has refused to provide this information and has indicated to the plaintiff that the information is ascertainable in the 498 plus pages of bates stamped discovery that was sent.

The plaintiff has two options, depose all 56 employees listed in discovery or take a wild guess at who may have been a person who actually worked on the file and made decisions and who may have just gathered paperwork. The defendant has intimate knowledge of its employees job descriptions and the actions each employee took on the file and should be compelled to provide that information.

## III. Interrogatory No. 3

In Interrogatory No. 3, Plaintiff requested a detailed description of the investigation the Defendant undertook when weighing the Plaintiffs' first party claims. State Farm stated "Please see attached claim file". Ex. A. Exhibit A was the 498 page claim file sent to the plaintiff which contains all sorts of information- none of which appears to be any investigation. This is very similar to the information sough in Ex D. that was never responded to. In their supplement, the defendant states that Bates stamped documents 1-42 are responsive as well as correspondence to plaintiff. Which pages in 1-42? What correspondence? The defendant again refuses to provide any detail whatsoever about what the investigation was. Who conducted it? What actions were taken? Based on the response am I free to assume no investigation was undertaken?

## IV. Request for Production No. 3

In Request for Production No. 3, Plaintiff asked for a copy of all written, audio, video or any other materials used to train adjusters on how to negotiate settlement of a claim or how to handle UIM claims. State Farm objecting stating "the information requested is Request for Production No. 3 on the basis it is irrelevant, overly broad, burdensome, requested solely for the purpose of harassment, and unlimited as to time/scope. Further, the request is not calculated to lead to discoverable information. In addition, Defendant objects to the extent that the request seeks confidential information protected by trade secret." Ex. A.

The defendant has the burden of proving that the information sought is a trade secret under A.R.C.P. 26 (c). Additionally, the defendant did not seek a Protective Order regarding this information- they simply refused to provide clearly relevant information. The documents have been produced in courts all across America and there is nothing secret about them. I have a copy of over 15,000 pages of State Farm documents I have obtained at various seminars dealing with State Farm first party litigation.

The information is clearly relevant as it is important to know how adjusters are trained in adjusting UIM claims to determine if they followed their training in adjusting the plaintiff's claim and if any of their procedures may constitute bad faith. The plaintiff requests this information without a Protective Order.

## V. Request for Production No. 4

In Request for Production No. 4, Plaintiff asked Defendant to provide a copy of all written training materials that dictate the Defendant's policies regarding the investigation of all first party claims. State Farm again objected stating" the information

requested is Request for Production No. 3 on the basis it is irrelevant, overly broad, burdensome, requested solely for the purpose of harassment, and unlimited as to time/scope. Further, the request is not calculated to lead to discoverable information. In addition, Defendant objects to the extent that the request seeks confidential information protected by trade secret." Ex. A. It should be noted that the Defendant without waiving said objection stated" State Farm is conduction a search of documents which may be relevant in responding to the requests and will supplement this response with the understanding and agreement that any documents produced would be privileged and confidential and subject to a protective order." Ex. A. The Defendant went so far as to include a protective order but hinged his response to this Request based on counsels agreement to enter into said Protective Order and without filing a privilege log with the Court.

Again, The information is clearly relevant as it is important to know how adjusters are trained in investigating UIM claims to determine if they followed their training in investigating the plaintiff's claim and if any of their procedures may constitute bad faith. The plaintiff requests this information without a Protective Order.

## VI. Request for Production No. 8

In Request for Production No. 8, Plaintiff asks the Defendant to produce a copy of the reasonable explanation of the basis in the insurance policy in relation to the facts and applicable law for the denial of Lois Moore's UIM claim. State Farm objected stating" This Request for Production is vague and ambiguous. Further, upon information and belief, State Farm did not deny Plaintiffs UIM claim. To the extent Defendant understands the information sought in this Request for Production, Defendant states that

the insurance policy attached hereto speaks for itself." Ex. A. This language was taken directly from A.C.A. 23-66-206(13)(J). The response that the claim was not denied but to the plaintiff's knowledge the claim has not been paid as of this date or there would be no need for litigation. This information is clearly discoverable and should be produced in furtherance of the plaintiff's bad faith claim.

Respectfully submitted,

Lois Moore

By: /s/ Bill G. Horton

Bill G. Horton (2002200)
NOLAN, CADDELL & REYNOLDS
5434 Walsh Lane
Rogers, AR 72758
Phone: (479) 464-8269
Fax: (479) 464-8287
bhorton@justicetoday.com

## CERTIFICATE OF SERVICE

I, Bill G. Horton, hereby certify that on June 21, 2010 a complete and correct copy of the foregoing were served on the following parties, by ECF:

Hon. John Moore
400 West Capitol Ave, Suite 1900
Little Rock, AR 72201

/s/ Bill G. Horton
Bill G. Horton