**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF ARKANSAS**
**FAYETTEVILLE DIVISION**

| | | |
|---|---|---|
| **LOIS MOORE** | ) | |
| **PLAINTIFF** | ) | |
| | ) | |
| **VS.** | ) | **CASE NO. 5:09-5236-JLH** |
| | ) | |
| **STATE FARM MUTUAL** | ) | |
| **AUTOMOBILE INSURANCE** | ) | |
| **DEFENDANT** | ) | |

**PLAINTIFF'S BRIEF IN RESPONSE TO DEFENDANTS MOTION FOR SUMMARY JUDGMENT.**

**INTRODUCTION**

Plaintiff concedes that she was in accident on March 6, 2007 and that State Farm did what it was contractually required to do under their contract of insurance with regard to medical payments. Plaintiff further concedes that State Farm responded to her requests regarding her UIM policy limits and that she settled her underlying tort claim against the third party for policy limits after the initiation of suit. Finally, the plaintiff concedes that on May 21, 2009, her underlying suit against the third party was amended to include State Farm in an effort to prevent costing the plaintiff an additional attorney fee.

State Farm failed to inform the Court that all medical bills and records were sent to State Farm employee Gene Late with a demand for policy limits between May 26 and May 28, 2009. They also fail to inform the Court that State Farm's counsel at the time, Bob Lambert, was contacted and told we could hold off on all discovery while they performed their investigation as suit was only filed to avoid a duplicate filing fee. Due to the confusion the Amended Complaint caused for the Circuit Court, case was non-suited on July 9, 2009. 83 days later- after receiving

no response from State Farm regarding my demand, suit was refilled on October 1, 2009. From May 28, 2009 until October 1, 2009, 125 days passed in which State Farm or one of its attorneys had the opportunity to review the plaintiff's file and conduct a reasonable timely investigation and make an offer on the file as required by State Farm's internal "Good Neighbor Policy." A policy that they have refused up to this point to provide through discovery.

The plaintiff instituted her second lawsuit for breach of contract and for bad faith alleging that State Farm breached its contract with Lois Moore to provide UIM benefits to her and violated A.C.A. 23-66-206 in relation to her claim and as a general business practice.

## STANDARD OF REVIEW

The plaintiff concedes the defendant's legal analysis regarding the standard of review.

## ARGUMENT

The defendant basis its entire argument on a flawed premise regarding the plaintiff's bad faith claim. There is no need to regurgitate the findings of *Findley* as they do not apply to the case at bar. Whether or not the plaintiff is entitled to additional money from State Farm is purely a question of contract and should be treated as such. The question before the Court is whether or not State Farm violated A.C.A. 23-66-206 (13) and its subparts when handling the plaintiff's claim. As stated by the defendant, the test for bad faith is as follows:

- Affirmative misconduct by the insurance company;
- Without a good faith defense;
- That misconduct must be-
    - Dishonest;
    - Malicious, ***or;***
    - Oppressive;
- In an attempt to avoid its liability under an insurance policy.
- Actual malice is the state of mind under which a persons conduct is characterized by
    - Hatred;
    - Ill will, or;
    - A spirit of revenge.

*Aetna Cas. & Srr. Co. v Broadway Arms Corp.*281 Ark, 128, 664 S.W.2d 463 (1984)

The plaintiff must prove affirmative misconduct by the insurance company. This can be shown by proving that State Farm violated A.C.A. 23-66-206 with regard to Lois Moore as no discovery has been provided to date indicating that State Farm adhered to the law. The misconduct is most likely not malicious but the plaintiff only need to prove it was dishonest or oppressive. Without the benefit of any depositions from State Farm employees I cannot ascertain whether their actions on this file were dishonest. Certainly refusing to conduct any investigation into a claim and compelling your insured to sue you could be construed by a jury as oppressive behavior. Clearly their actions or inactions were done to avoid payment under the policy or they would have issued payment under the contract already. Finally, without any depositions from Sate Farm employees, it cannot yet be determined if any of the claims adjusters acted with malice characterized by hatred, spirit of revenge or any ill will against me personally or against people who make claims. The Arkansas Supreme Court stated actual malice may be inferred from conduct and surrounding circumstances. *Aetna Id.* Quoting *Columbus Finance v. Howard,* 42 Ohio St.2d 178, 327 N.E.2d 654 (1975). Quite simply- its premature to hear a summary judgment motion on this issue.

The defendant fails to instruct the court that the *Aetna* case discusses the Trade Practices Act which is now A.C.A 23-66-206. The court stated, "Appellant argues that the Trade Practices Act (Act 148 of 1959), Ark.Stat.Ann. §§ 66-3001, et seq. (Repl.1980), and the penalty and fees statute of Ark.Stat.Ann. § 66-3238 pre-empt the area upon which the tort of bad faith is founded. We do not agree with this argument. Such interpretation would rule out third party claims of bad faith because the Trade Practices Act is only an effort to clean up undesirable conduct of insurers and the penalty and fees statute applies only to first party claims……. The Trade Practices Act

provides for procedures and penalties to be utilized by the provisions of the act. Neither of these remedies deals with the area of bad faith much less pre-empts it."

The second argument on appeal is that the judge erred in the jury instruction regarding the Trade Practices Act by failing to include language. "Committing or performing with such frequency as to indicate a general business practice, any of the following." The Court found that failing to instruct the jury regarding frequency and general business practice was reversible error. This analysis is very important to the case at bar, 1) it clearly states that violations of the Trade Practices Act do not pre-empt bad faith; 2) that bad faith is a question for a jury; and 3) that showing frequent violations of the Trade Practices Act that show a general business practice is evidence of bad faith.

**APPLICATION OF A.C.A. 23-66-206**

Under the A.C.A. 23-66-206, commonly referred to as the Trade Practices Act, it is unlawful to:

*(B) Failing to acknowledge and act reasonably and promptly upon communications with respect to claims arising under insurance policies;*

*(C) Failing to adopt and implement reasonable standards for the prompt investigation of claims arising under insurance policies;*

*(D) Refusing to pay claims without conducting a reasonable investigation based upon all available information;*

*(E) Failing to affirm or deny coverage of claims within a reasonable time after proof of loss statements have been completed;*

*(F) Not attempting in good faith to effectuate prompt, fair, and equitable settlements of claims in which liability has become reasonably clear;*

*(J) Failing to promptly provide a reasonable explanation of the basis in the insurance policy in relation to the facts of applicable law for denial of a claim or for the offer of a compromise settlement;*

*(K) Compelling insureds to institute litigation to recover amounts due under an insurance policy*

*by offering substantially less than the amounts ultimately recovered in actions brought by those insureds;*

A.C.A. 23-66-206(13)(B) makes it unlawful to fail to acknowledge and act reasonably and promptly upon communications with respect to claims arising under insurance policies. There is ample evidence that State Farm had no contact with the plaintiff for over 100 days regarding her demand under the policy.

A.C.A. 23-66-206(13)(C) makes it unlawful to fail to adopt and implement reasonable standards for the prompt investigation of claims arising under insurance policies. Since State Farm refuses to turn over discovery, the plaintiff cannot know what written standards State Farm uses to ensure prompt investigations.

A.C.A. 23-66-206(13)(D) makes it unlawful to refuse to pay claims without conducting a reasonable investigation based upon all available information. Plaintiff still does not have a copy of any investigation performed by the defendant and therefore cannot determine if it was reasonable.

A.C.A. 23-66-206(13)(E) makes it unlawful to fail to affirm or deny coverage of claims within a reasonable time after proof of loss statements have been completed. All medical bills and records were given to State Farm in May of 2009. According to the defendant they have not affirmed or denied coverage at any time. Clearly a violation of the law.

A.C.A. 23-66-206(13)(F) makes it unlawful to not attempting in good faith to effectuate prompt, fair, and equitable settlements of claims in which liability has become reasonably clear. There is no dispute that the plaintiff was injured by a third party. There is no dispute that the plaintiff received the third party tortfeasor's policy limits and is contractually eligible for UIM benefits with State Farm. The first offer to resolve this matter was received today and it is woefully inadequate. 17 month after receiving her proof of loss an offer of settlement is made.

Surely this is not a good faith attempt to effectuate a *prompt* settlement. Whether or not it is fair and equitable is a jury question.

A.C.A. 23-66-206(13)(J) makes it unlawful to fail to promptly provide a reasonable explanation of the basis in the insurance policy in relation to the facts of applicable law for denial of a claim or for the offer of a compromise settlement. According to State Farm no denial was ever made although no offer seems to be a defacto denial. Today an offer was made in the amount of $10,000.00 but it was not prompt nor did it provide a reasonable explanation of the basis in the insurance policy in relation to the facts and the applicable law. I have requested State Farms methodology for adjusting the plaintiff's claim but they refuse to provide it.

A.C.A. 23-66-206(13)(J) makes it unlawful to compel an insured to institute litigation to recover amounts due under an insurance policy by offering substantially less than the amounts ultimately recovered in actions brought by those insured's. It seems clear that no offer for 17 months is a defacto denial which required the plaintiff to compel litigation.

The defendant hangs it hat on two things, the fact that the plaintiff does not know what bad faith means and that no one at State Farm has been mean to her and the fact that there is no evidence to support violations of A.C.A. 23-66-206. Based on the discovery thus far, the absence of documents proves a clear violation of the Trade Practices Act. Additional discovery will be required to determine if this is a general business practice.

## CONCLUSION

It is clear from the evidence that State Farm is refusing to produce evidence of their Trade Practices Violations and seeking a premature Summary Judgment before this Court compels that information. It is grossly premature to grant a Summary Judgment Motion at this time assuming the accusations in the plaintiff's complaint are true. Once discovery is completed,

the plaintiff invited the defendant to re-file his Motion and the plaintiff will gladly respond to facts with facts.

Respectfully submitted,

Lois Moore

By:_______*/s/ Bill G. Horton*_______________

Bill G. Horton (2002200)
NOLAN, CADDELL & REYNOLDS
5434 Walsh Lane
Rogers, AR 72758
Phone: (479) 464-8269
Fax: (479) 464-8287

**CERTIFICATE OF SERVICE**

I, Bill G. Horton, hereby certify that on this 23 day of September, 2010 a complete and correct copy of the foregoing were served on the following parties, by ECF:

Hon. John Moore
400 West Capitol Ave, Suite 1900
Little Rock, AR 72201

_______/s/ *Bill G. Horton*__________________________
Bill G. Horton