**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF ARKANSAS**
**FAYETTEVILLE DIVISION**

**LOIS MOORE** **PLAINTIFF**

**VS.** **NO. 5:09-CV-5236-JLH**

**STATE FARM MUTUAL AUTOMOBILE INSURANCE** **DEFENDANT**

**REPLY TO THE RESPONSE TO DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

Plaintiff has not responded with any proof to counter the Statement of Undisputed Facts or to establish any action of State Farm that constitutes bad faith. Plaintiff has also not complied with Rule 56(f) of the Federal Rules of Civil Procedure to obtain more time. Rather, Plaintiff responds with an admission that she has no proof of her allegations of bad faith, violation of the Unfair Claim Practices Act, or entitlement to punitive damages, and, now, at the end of discovery, claims she needs more time to try to generate proof for these claims.

In responding to a properly supported summary judgment motion, the opponent "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The opponent must come forward with "specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986). If the "record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial,'" and summary judgment is appropriate. *Matsushita*, 475 U.S. at 587. If the nonmoving party fails to make a sufficient showing of an essential element of a claim with respect to which it has the burden of proof, then the moving party is "entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

Plaintiff has failed to comply with Rule 56(f), which is required if Plaintiff requests more time. Unless a party files a Rule 56(f) affidavit, summary judgment can be granted. *Nitro Distrib., Inc. v. Alitcor, Inc.*, 565 F.3d 417, 430 (8th 2009). Furthermore, this is not a premature motion for summary judgment; this case is within a month of the discovery cut off. This is not a case where the motion was filed before Plaintiff had the opportunity to conduct discovery. Because of Plaintiff's failure to comply with Federal Rule of Civil Procedure 56(f) and because Plaintiff has had an adequate opportunity to conduct discovery, this Motion for Summary Judgment is ripe. Because Plaintiff has no proof of bad faith on the part of State Farm herein, and Plaintiff has no proof of intentional misconduct, Plaintiff's claims with regard to bad faith, violation of the Unfair Claim Practices Act, and punitive damages should be dismissed, and summary judgment should be granted.

Lois Moore has never spoken with State Farm, is unaware of any actions or failures to act of State Farm, and has no idea what was sent to State Farm or when. She has no proof of her claim of bad faith. Ex. A, pages 76-79, 81, 86, 92-93. She has not alleged any actions on behalf of State Farm that would constitute bad faith or entitlement for punitive damages. Plaintiff's response essentially admits that she has no proof to support her claims.

Similar to above, Plaintiff has no proof of any actions or failures to act on behalf of State Farm to support her claim for violation of the Unfair Trade Practices Act. Therefore, these claims must be dismissed. Ex. A. Further, even if Plaintiff had complied with Rule 56(f), no discovery is warranted on this claim, because the Arkansas General Assembly has expressly stated that the Trade Practices Act in the insurance code does not create a private right of action. Ark. Code Ann. § 23-66-202(b). To find that insurance carriers are subject to a private cause of action would be contrary to the statutory scheme established by the Arkansas General Assembly.

*See Williams v. State Farm Mut. Auto. Ins. Co.*, 2010 U.S. Dist. LEXIS 61613, Case No. 5:10-cv-00032 (E.D. Ark., June 22, 2010) (Doc. 31, Order by Judge Holmes dismissing Plaintiff's Complaint and finding no private right of action in the ATPA). Therefore, no discovery will establish a claim. There is no right of action under Ark. Code Ann. § 23-66-206(13).

Further, Plaintiff's allegations of violations of that act are not supported by any proof. It is interesting that while Plaintiff claims she was "compelled" to sue State Farm while admitting simultaneously that State Farm was sued on the same day when it first learned of the intent to make a claim. Further, Plaintiff appears to ignore that once the claim is in litigation, the claim is removed from the normal course of business. Communication at that time must go through the parties' attorneys. Answers were filed, discovery was sent, etc. Therefore, as Ms. Moore's deposition indicates, she does not know when State Farm was communicating with her attorney, or when, or what was said, etc. Therefore, Plaintiff cannot present proof that State Farm was not talking to her representative, what documentation State Farm had been given and what was still needed, etc. Plaintiff has not come forward to meet proof with proof on these issues.

Therefore, as Plaintiff has not established a claim of bad faith on the part of State Farm and has not set forth a submissable claim of intentional misconduct, her claim of bad faith and for punitive damages against State Farm must be dismissed as a matter of law. Because there is no evidence of affirmative misconduct, without a good faith defense, by State Farm in a malicious, dishonest, or oppressive attempt to avoid liability, Plaintiff cannot establish the tort of bad faith or entitlement to punitive damages. Because Plaintiff has no proof and because there is no private right of action, the claim for violation of the Unfair Trade Practices Act must likewise be dismissed. Summary judgment is appropriate as a matter of law.

Respectfully submitted,

HUCKABAY, MUNSON, ROWLETT & MOORE
1900 Regions Center
400 West Capitol Avenue
Little Rock, Arkansas 72201
(501) 374-6535
sarah.greenwood@hmrmlaw.com

By: */s/ Sarah Greenwood*
SARAH E. GREENWOOD, ABN 2003089
JOHN E. MOORE, BAR # 82111

## CERTIFICATE OF SERVICE

I hereby certify that on the 28th day of September, 2010, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which shall send notification of such filing to the following:

Mr. Bill G. Horton
bhorton@justicetoday.com

*/s/ Sarah Greenwood*
SARAH E. GREENWOOD, ABN 2003089
sarah.greenwood@hmrmlaw.com